The Honorable Steve Napper State Representative 201 South Chester Street Little Rock, AR 72201-2015
Dear Representative Napper:
I am writing in response to your request for an opinion concerning the constitutionality of several Washington County ordinances involving the position of County Attorney in Washington County. You note that these ordinances are similar to a Pulaski County ordinance that is also the subject of a current Attorney General opinion request.
Washington County Ordinance No. 2000-24 created the "office of County Attorney in Washington County." It provides in relevant part with regard to the selection of the County Attorney that "[t]he County Attorney shall be nominated by the County Judge and approved by the Quorum Court." Ord. No. 2000-24, Arts. 1 and 2 (June 8, 2000). Because this is the most recent ordinance you submitted, I assume it is still in place. Ordinance 86-1 was passed on January 9, 1986. It created the position of "Washington County Attorney," citing Act 888 of 1981 (A.C.A. §16-21-114), and provided in relevant part that the County Attorney "shall be selected in accordance with County guidelines to contract for professional services upon the recommendation of the Personnel Committee and appointment by the County Judge with confirmation by a majority vote of the Quorum Court." Ord. 86-1 at Arts. 1 and 4. The final ordinance, No. 81-45, created the position of "Washington County Attorney," citing Act 888 of 1981, and provided in relevant part that the County Attorney "shall be selected in accordance with County guidelines to contract for professional services upon the recommendation of the Personnel Committee subject to approval by a majority vote of the Quorum Court." Ord. No. 81-45 at Arts. 1 and 4.
RESPONSE
It is my opinion, for the reasons set forth in Attorney General Opinion2001-292, attached hereto, that Ordinance 2000-24 is likely unconstitutional under Amendment 55 to the Arkansas Constitution. I will not restate the analysis, except to note that this ordinance, like the ordinance at issue in Opinion 2001-292, created the "office" of County Attorney as a full-time salaried position and requires Quorum Court approval or confirmation of the appointment or selection of the County Attorney. This, in my opinion, is likely contrary to Section 3 of Amendment 55, which vests the County Judge with the authority to "hire county employees, except those persons employed by other elected officials of the county."
With regard to the other two ordinances, I believe the constitutional issue turns on the selection method established by these measures, specifically, whether they created the position of Washington County Attorney as a contract position. Article 4 of both ordinances provided that "[t]he County Attorney shall be selected in accordance with County guidelines to contract for professional services. . . ." I am somewhat uncertain how to interpret this provision. Does this mean that the County Attorney was to be hired under a professional services contract? If so, requiring Quorum Court approval or confirmation of the selection or appointment was, in my opinion, constitutional because the County Attorney in that instance would not have been a county employee subject to the County Judge's exclusive hiring authority. The authority of the Quorum Court to contract for the legal services of a county attorney is, I believe, well established. See generally Op. Att'y Gen. Nos. 2001-107 and 98-023. See also A.C.A. § 16-21-114 (f) (1) (Repl. 1999) (requiring reimbursement of pro rata share of legal costs in counties having "a full-time office of county civil attorney or a contract county civilattorney. . . ." (Emphasis added). Thus, if Ordinances 86-1 and 86-45 authorized a professional services contract for the legal services of a County Attorney, then in my opinion the Ordinances were constitutional. Because I lack the resources and the authority to interpret local measures such as these, however, I cannot conclusively opine on the matter.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure